John L. Slavin *v.* Henry W. Dunn et al.

**Payment—Evidence to Show.**

A check given in payment of tax revenue, with the words "on revenue" written on the face, is sufficient as evidence of payment on that fund.

**Same.**

Such a payment would not, in addition, have to be proved by evidence aliunde that it was delivered as payment pro tanto on that demand.

APPEAL FROM GARRARD CIRCUIT COURT.

June 22, 1869.

Opinion of the Court by Judge Peters:

The attention of the court will be directed to the three items only, about which the parties differ—the other payments having been admitted by appellant as claimed by appellee, which items of difference are as follows:

First. A check drawn by appellee at Lancaster, Ky., the *18th day of January, 1868,* on the Naional Bank of Lancaster, payable to John L. Slavin or bearer for nine hundred dollars *"On revenue."*

Second. Another check drawn by him on the 24th of December, 1866, at the same place and on the same bank, for three hundred dollars—the words *"On revenue"* omitted. And, third, the tax list of persons living on appellee's side of the dividing line which the parties respectively took when they divided the county for their separate collecting districts, but which it is admitted appellant collected, amounting to $338.45.

It is contended on behalf of appellant, *first,* that said checks are not evidence of themselves of payments on the revenue collected by appellee, and before he should be allowed credits for the same, he should show by evidence *aliunde,* that they were delivered as payments *pro tanto* on that demand. As to the check for the nine hundred dollars, it shows on its face that it was delivered, and consequently must have been received as a pay-

ment on that demand; and if that sum was embraced in appellant's receipts for $964.17, of date January 25, 1867, the *onus* was on him to show it. The two papers bear different dates, are for different sums, and in the last no mention or allusion is made to the first. So that there is nothing in the papers themselves tending to the conclusion that the last was designed by the parties to include the first.

But it is said by adding Sandifer's taxes of $41.27 and Adams' of $22.90 they, with the check, make the precise amount of the receipt. That is true, but what is the authority for taking those two sums and making them constitute a part of that receipt; there is no evidence to authorize it, they are arbitrarily assumed to make up a part of that receipt, because they, with another sum, make precisely the amount. But why should a part of the taxes in Dunn's district, collected by Slavin, be credited at one time and the residue at other times. No reason is shown for this, and none can be perceived. Appellee was, therefore, properly allowed a credit for both sums.

But as to the check for three hundred dollars and the receipts for $543.45, they are dated the same day of the same month, and may be assumed to be the same year, although the receipt states on its face that the money is paid "on revenue for *1866*," but except that, the year is not given. And this check, unlike the one for $900, omits to state that the money is paid "*on revenue.*" We, therefore, conclude that the receipt includes the check, and appellee was not entitled to credits for both amounts.

As to the $338.45, the amount of taxes alleged to have been collected by appellant from tax-payers in appellee's district, the check of John S. Gill, one of said tax-payers, is produced, which is for $269.95, payable to appellant, and while it is for $8.40 more than the amount of his taxes, there can be no doubt that his taxes are embraced in that check, and the difference in amount grew out of some other transaction, which it is not improbable Gill could have explained. But in appellant's reply he admits he collected the taxes from the persons named as being within appellee's district, and it devolves on him to show that the same are included in some of the receipts executed by him, which he has failed to do, otherwise than as he may be and has been credited by receipts exhibited.

We perceive no error in the judgment, and the same is, therefore, *affirmed* on the original and cross-appeal.

*McKee, Hopper,* for appellant.

*Dunlap, Owsley & Burdett,* for appellees.